# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN 11, TEXAS
GROVER SELLERS



Hon. Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Mr. Cambron:

Opinion No. 0-6680
Re: Liability for city and school
taxes of bus and freight lines
operating through the city of
Sulphur Springs.

In your letter of Aug. 30, 1945, you request the opinion of
this Department upon the following questions contained in your letter,
from which we quote:

"Kindly give me an opinion on the following questions.
Does the city of Sulphur Springs and Sulphur Springs Inde-
pendent School District have the right to collect city and
school taxes from bus and freight lines? Also are they due
any intangible values from bus and freight lines operating
through the city?"

We think your first question is answered in our opinion No.
0-5632, a copy of which is herewith enclosed. The rule announced in
this opinion is equally applicable to city and independent school dis-
tricts taxes.

As we construe your second question: "Also are they (city
of Sulphur Springs and Sulphur Springs Independent School District) due
any intangible values from bus and freight lines operating through the
city?", you want to know whether or not Article 7105 of Vernon's Civil
Statutes of Texas, as amended by Article 18 of H. B. 8, Acts of the 47th
Legislature, R. C. S. which provides:

"Each motor bus company, as defined in Chapter 270,
Acts, Regular Session of the 40th Legislature, as amended
by the Acts of 1929, 1st Called Session of the 41st Leg-
islature, Chapter 78, and each common carrier motor car-
rier operating under certificates of convenience and nec-
essity issued by the Railroad Commission of Texas, doing
business wholly or in part within this State, whether in-
corporated under the laws of this State, or of any other

State, territory, or foreign country, and every other individual, company, corporation, or association doing business of the same character in this State, in addition to the ad valorem taxes on tangible properties which are or may be imposed upon them respectively, by law, shall be an annual tax to the State, beginning with the 1st day of January of each year, on their intangible assets and property, and local taxes thereon to the counties in which its business is carried on; . . ."

has any application to cities and school districts. We are of the opinion that by the express terms of this statute it is limited to State and county taxes, and no rights or privileges are conferred upon cities and independent school districts in the assessment and collection of taxes upon intangible assets from bus and freight lines traversing the territory of such cities and independent school districts. You will observe that the statute provides "shall pay an annual tax to the State, beginning with the 1st day of January of each year, on their intangible assets and property, and local taxes thereon to the counties in which the business is carried on." This we think clearly demonstrates that only State and county taxes are within the purview of the Act.

We know of no other statute which confers upon cities and independent school districts the right to levy, assess and collect taxes upon the intangible assets of freight and bus companies operating in this State.

We trust that the foregoing is a sufficient answer to your request.

Yours very truly

APPROVED SEP 10 1945

ATTORNEY GENERAL OF TEXAS

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

By  /s/ L. P. Lollar
        L. P. Lollar
            Assistant

LPL:AMM:LM

APPROVED
OPINION
COMMITTEE
BY /s/ AJU
CHAIRMAN